## 46279. ROSSER et al. v. MERIWETHER COUNTY.

PER CURIAM. In this workmen's compensation case the superior court reversed the full board and ruled that the decedent (a school teacher employed by the county board of education) was not involved in activity arising out of and in the course of employment at the time of his death. The superior court further ruled that even if the decedent had been involved in such activity the award could not be rendered against Meriwether County. Both such rulings were erroneous.

1. The claimant's husband was killed in an automobile accident. From the transcript made at the hearing on the claim it appears that decedent was a vocational-agricultural teacher employed by the Meriwether County Board of Education. He taught woodworking, repair and refinishing of furniture, among other things. On the afternoon of the day before he was killed he and Ira Parks, the Principal of the Meriwether County Training School, discussed the need for some materials to complete a project. Parks testified: "And I told him, well, since you come through Woodbury then just stop on the way and pick them up and you won't have to make a special trip just to get those."

According to the evidence the decedent did stop the next morning at Reeves Lumber Company in Woodbury. He left there and was on his way to the school when killed.

The deputy director made findings of fact to the above effect and an ultimate finding that the decedent died from injuries sustained in an accident which arose out of and in the course of his employment. The deputy director made an award granting certain compensation. On appeal to the full board the deputy director's findings of fact and award of compensation were adopted without change. On appeal to the superior court the court's final order on this issue recites: "There is no evidence that the accident arose out of and in the course of employment; to the contrary it appears that the accident happened at a

time when the deceased was traveling from his home to his place of employment. Even though he may have deviated previously from his travel to place of employment to do some act for some other person or his employer. At the time of the accident, he was simply going to work. The deceased was not performing a part of the work contemplated by his employer or any act incidental thereto at the time of the accident."

This ruling was erroneous. There is ample evidence in the record to support the findings of fact and award of the full board. Neither the superior court nor this court has any authority to decide that the weight of the evidence is contrary to the award. Any competent supporting evidence is all that is required. *Davis v. Fireman's Fund Ins. Co.,* 106 Ga. App. 519, 522 (127 SE2d 481); *U. S. Cas. Co. v. Young,* 104 Ga. App. 373 (121 SE2d 680). "[W]hen an employee is permitted or required by his master to perform a part of the work contemplated by the contract of employment, or some act incidental thereto and beneficial to the employer, while en route to work, and is accidentally injured, the injury arises in the course of his employment." *Bituminous Cas. Corp. v. Humphries,* 91 Ga. App. 271, 275 (85 SE2d 456). Generally, see 1 Larson, Workmen's Compensation, § 18.

2. The claim for compensation named the Meriwether County Board of Education, Meriwether County, and the State Board of Education as employers of the decedent.

The full board adopted the findings of the deputy director which were to the effect that the decedent was employed by the Meriwether County Board of Education under a written contract, but that since that body had not prior to the decedent's death elected to become an "employer" under the provisions of *Code Ann.* § 114-101, as amended, no award could be made against it. However, it was found that for the purpose of workmen's compensation the decedent was an employee of Meriwether County and the award was accordingly rendered against it.

On this issue the superior court ruled otherwise, stating:

"[T]here is no evidence that the deceased, John Rosser, was an employee of Meriwether County. In fact, it was stipulated by the parties at the beginning of the trial that he was employed by the Meriwether County Board of Education. This being true, it would seem that if for any reason the recovery should be had in this case, it would be against the Meriwether County Board of Education. It appears that this was the specific reason for adding the paragraph to Code Section 114-101 in 1964 relating to education employees."

Our Workmen's Compensation Act provides that "each county within the State" is an "employer." It also provides that "employee" includes "all full-time county employees." See *Code Ann.* § 114-101, as particularly amended by Ga. L. 1958, p. 183, and Ga. L. 1968, pp. 1163, 1164. Under our Constitution (by amendment ratified November 3, 1966) counties are authorized to tax and expend funds, among other things, to "Provide . . . workmen's compensation benefits for . . . public school teachers and personnel, their dependents and survivors: Provided that all such payments for public school teachers and personnel, their dependents and survivors, shall be paid from education funds." Ga. Const., Art. VII, Sec. IV, Par. II (10) *(Code Ann.* § 2-5702 (10)).

School teachers are county employees, being employees of the county governing authority through which the county acts in school matters (i.e., the county board of education). County public works personnel, for example, are also county employees, being employees of the county governing authority through which the county acts in such matters (i.e., the county board of commissioners of roads and revenues). Expressed otherwise the board of commissioners is not *the county.* Neither is the board of education. The county operates by and through these two bodies (and perhaps others). *Smith v. Bd. of Educ. of Washington County,* 153 Ga. 758 (2) (113 SE 147); *Bd. of Educ. of Candler County v. Southern Michigan Nat. Bank,* 184 Ga. 641, 642 (192 SE 382); *Burke v. Wheeler*

*County,* 54 Ga. App. 81 (187 SE 246). (The board of commissioners is often thought of as *the county,* perhaps because of the great bulk of county affairs for which it is responsible and because it is the governing authority which taxes in the name of the county.)

The nature of the relationship between a county and its board of education is found in the Constitution, to wit: "Each county, exclusive of any independent school system now in existence in a county, shall compose one school district *and shall be confined to the control and management of a County Board of Education."* (Emphasis supplied.) Ga. Const., Art. VIII, Sec. V, Par. I *(Code Ann.* § 2-6801). The county levies a tax for the support and maintenance of education and does so through the board of commissioners. But in this activity the board of commissioners has no discretion; its action is ministerial. The amount of the levy is discretionary with the board of education (within limits fixed by the Constitution or statute), and when duly determined it is mandatory. See Ga. Const., Art. VIII, Sec. XII, Par. I *(Code Ann.* § 2-7501); *Bd. of Ed. of Wilcox County v. Bd. of Commrs.,* 201 Ga. 815 (1) (41 SE2d 398).

*Thus, since a county* is declared to be an "employer" under the Workmen's Compensation Act and has constitutional authority to raise the funds therefor, the conclusion is demanded that *all* county employees in *all* counties are covered by workmen's compensation.

In view of the rule that repeals by implication are not favored; that statutes should be harmonized rather than the latest being considered to have repealed the earlier *(Hines v. Wingo,* 120 Ga. App. 614, 616 (171 SE 2d 905)); and in view of the rule that a liberal construction must be given to the Workmen's Compensation Act to effectuate the beneficent purposes for which it was enacted *(Van Treeck v. Travelers' Ins. Co.,* 157 Ga. 204 (121 SE 215); *Lumbermen's Mut. Cas. Co. v. Griggs,* 190 Ga. 277 (9 SE2d 84); *Lee v. Claxton,* 70 Ga. App. 226 (28 SE2d 87), we now approach the effect of recent legislative en-

actments (Ga. L. 1964, p. 675; Ga. L. 1967, p. 633) addressed to counties with less than 300,000 population on the subject of workmen's compensation *insurance coverage.* It is provided that the board of education in such a county is authorized to purchase insurance coverage from education funds; that from the date it elects to do so it shall be deemed to be an "employer" within the meaning of the laws relating to and governing workmen's compensation in Georgia. We find therein no legislative intent to repeal workmen's compensation coverage for a segment of county employees and cause their coverage or lack of coverage to depend upon a decision by the county board of education as to whether or not it shall purchase insurance. The entire body of law, in our view, specifies that county school board employees are covered as *county* employees unless and until the board of education elects to provide insurance and *itself* become an "employer." As we have previously seen, a *county* is authorized by the Constitution to tax and expend funds for workmen's compensation benefits for public school teachers and personnel, their dependents and survivors, provided *all payments for such be paid from education funds.* And since, as we have also seen, these funds are under the exclusive control and management of the board of education, the only effect of these recent enactments is that the county will remain self-insured out of education funds until, upon decision of the board of education, it becomes an insured-employer by and through its board of education, such insurance also to be purchased out of education funds. County school board employees are covered by the Workmen's Compensation Act in any event.

3. In view of what we hold in Divisions 1 and 2, it follows that the award of the Board of Workmen's Compensation was correct and we reverse with direction that such award be reinstated.

*Reversed with direction. Bell, C. J., Hall, P. J., and Eberhardt, J., concur. Whitman, J., not participating.*

244

*Henry N. Payton,* for appellants.

*George C. Kennedy, Ben R. Freeman,* for appellee.

*Arthur K. Bolton, Attorney general, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., J. Lee Perry, Assistant Attorneys General,* amicus curiae.