51603. AETNA CASUALTY & SURETY COMPANY et al. v. SHUMAN.

CLARK, Judge.

The question presented for decision in this appeal is whether a workmen's compensation insurance policy

issued to the Berrien County[1] Board of Commissioners afforded coverage to employees of the Berrien County Board of Education.

On February 16, 1973, Aetna Casualty & Surety Company ("Aetna") issued a workmen's compensation insurance policy to the Berrien County Board of Commissioners. This policy was in force when claimant, an employee of the Berrien County Board of Education was injured out of and in the course of his employment. Prior to claimant's injury the board of education had not elected to purchase workmen's compensation insurance for its employees as was authorized for counties having a population of less than 300,000. See Code Ann. § 114-101.

Claimant instituted compensation proceedings naming both the board of education and the board of commissioners as employers, and also Aetna as insurer. Following a hearing, the deputy director determined (1) that claimant suffered a compensable injury; (2) that the workmen's compensation insurance policy issued by Aetna to the board of commissioners did not afford coverage to the claimant; and (3) that the board of education was a self-insurer. The full board adopted the deputy director's conclusions.

On appeal to the superior court, the full board's decision was reversed. The superior court ruled that the compensation policy issued to the board of commissioners afforded coverage to claimant and the employees of the board of education as employees of Berrien County. The court also ruled that Aetna was to be paid retroactively additional premiums for all employees listed on the board of education payroll. This appeal followed.

In *Rosser v. Meriwether County,* 125 Ga. App. 239 (186 SE2d 788), this court held that until a board of education (in a county with less than 300,000 population)

---

[1]Named for John McPherson Berrien (1781-1856), a Savannah lawyer who was Attorney General in President Andrew Jackson's administration. During service in the United States Senate his eloquence was such that he was called "The American Cicero."

elects to become an insured-employer, employees of the board of education are county employees for workmen's compensation purposes. Thus, since the Berrien County Board of Education did not elect to become an insured-employer, claimant was covered as an employee of Berrien County.

The workmen's compensation insurance policy issued to the Berrien County Board of Commissioners covered employees of Berrien County. Accordingly, inasmuch as claimant was a county employee (*Rosser v. Meriwether County,* supra), the policy afforded him coverage. See also Rule 4 of the Rules and Regulations of the State Board of Workmen's Compensation which provides, in part: "A compensation policy must cover all of the operations of a given business. . . A municipality or a county is each a general business and the different departments must not be divided into groups and separate groups placed in different companies. . ."

Our Constitution authorizes counties to "Provide . . . workmen's compensation benefits for . . . public school teachers and personnel, their dependents and survivors: Provided that all such payments for public school teachers and personnel, their dependents and survivors, shall be paid from education funds." Ga. Const., Art. VII, Sec. IV, Par. II (10) (Code Ann. § 2-5702 (10)). Relying upon this provision Aetna contends that the board of commissioners could not legally provide workmen's compensation coverage for school board employees since such coverage must be paid out of education funds. We need not decide the merits of this contention because Aetna is without standing to raise the point. The disposition of county funds is a county matter; it is of no concern to Aetna which had contracted to cover all employees of Berrien County. See *Palmer v. Burke County,* 180 Ga. 478, 479 (3) (179 SE 344); *Burke v. Wheeler County,* 54 Ga. App. 81, 86 (187 SE 246).

The superior court did not err in ruling that the workmen's compensation policy issued to the Berrien County Board of Commissioners afforded coverage to employees of the Berrien County Board of Education.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 6, 1976 —
REHEARING DENIED MARCH 11, 1976 —

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellants.
*Hugh B. McNatt, Knight, Perry & Franklin, W. D. Knight,* for appellee.