## 31194. AETNA CASUALTY & SURETY COMPANY et al. v. SHUMAN.

JORDAN, Justice.

Certiorari was granted to review the decision of the Court of Appeals in *Aetna Casualty & Surety Co. v. Shuman,* 138 Ga. App. 62 (225 SE2d 440) (1976).

Jerry Shuman, an employee of the Berrien County Board of Education, was injured in the course of his employment. At the time of his injury the Berrien County Board of Education had not elected to purchase workmen's compensation insurance for its employees as authorized by the amendment (Ga. L. 1967, pp. 633-634) to Code Ann. § 114-101 pertaining to counties having a population of less than 300,000. At that time the Berrien County Board of Commissioners had a policy of workmen's compensation insurance issued by Aetna Casualty & Surety Company insuring "any employee of the insured."

Shuman instituted workmen's compensation proceedings. After a hearing, the deputy director found that Shuman had sustained a compensable injury, and that Aetna's policy did not afford coverage to Shuman. It was directed that Berrien County, through the Berrien

County Board of Education, pay the claim. On review, the award of the deputy director was made the award of the full board.

On appeal to the Superior Court of Berrien County, the superior court determined the amount of medical expenses and disability compensation due Shuman. It found that Berrien County is one general business operation as contemplated by Rule 4 of the State Board of Workmen's Compensation (Code Ann. Book 31A, Appendix), and that the Berrien County Board of Education is a subdepartment thereof and its employees would be covered by Aetna's policy issued to the Berrien County Board of Commissioners. It was ordered that Aetna be retroactively paid additional premiums for board of education employees. Berrien County Board of Education, Berrien County Board of Commissioners, and Aetna appealed to the Court of Appeals from this judgment.

The Court of Appeals affirmed the judgment of Berrien Superior Court. The Berrien County Board of Commissioners and Aetna applied for writ of certiorari to review this decision.

The State Board of Workmen's Compensation based its award, and the Court of Appeals based its decision, on *Rosser v. Meriwether County,* 125 Ga. App. 239 (186 SE2d 788) (1971), but reached opposite results.

In the *Rosser* case the claimant's husband was a deceased employee of the Meriwether County Board of Education. The board had not elected to become an "employer" under Code Ann. § 114-101 by purchasing workmen's compensation insurance. An award was made against Meriwether County. The Superior Court of Meriwether County reversed this award, but the award was reinstated by the Court of Appeals, the latter court holding that as to employees of the board of education the county was a self-insured employer out of education funds.

In the case under review (p. 64), the Court of Appeals stated in part: "In *Rosser v. Meriwether County,* 125 Ga. App. 239 (186 SE2d 788), this court held that until a board of education (in a county with less than 300,000 population) elects to become an insured-employer,

employees of the board of education are county employees for workmen's compensation purposes. Thus, since the Berrien County Board of Education did not elect to become an insured-employer, claimant was covered as an employee of Berrien County. The workmen's compensation insurance policy issued to the Berrien County Board of Commissioners covered employees of Berrien County. Accordingly, inasmuch as claimant was a county employee (*Rosser v. Meriwether County,* supra), the policy afforded him coverage. See also Rule 4 of the Rules and Regulations of the State Board of Workmen's Compensation which provides, in part: 'A compensation policy must cover all of the operations of a given business ... A municipality or a county is each a general business and the different departments must not be divided into groups and separate groups placed in different companies. . .' "

The Court of Appeals in holding that Aetna's policy covered all employees of Berrien County overlooked the difference between Berrien County and the Berrien County Board of Commissioners. This difference was carefully pointed out in *Rosser v. Meriwether County,* 125 Ga. App. 239, supra, p. 241, where it was said: "School teachers are county employees, being employees of the county governing authority through which the county acts in school matters (i.e., the county board of education). County public works personnel, for example, are also county employees, being employees of the county governing authority through which the County acts in such matters (i.e., the county board of commissioners of roads and revenues). Expressed otherwise the board of commissioners is not *the county.* Neither is the board of education. The county operates by and through these two bodies (and perhaps others)."

Aetna's workmen's compensation policy by its terms insured only employees of the Berrien County Board of Commissioners; it did not insure all employees of the county. Therefore, under the ruling in *Rosser v. Meriwether County,* supra, which we consider to have been correctly decided, at the time of the injury of Shuman, Berrien County was self-insured, out of education funds, as to employees of the Berrien County

Board of Education. Rule 4 of the State Board of Workmen's Compensation does not control the question presented here.

We reverse the judgment of the Court of Appeals, which affirmed the judgment of the superior court, and direct that the award of the State Board of Workmen's Compensation be reinstated.

*Judgment reversed with directions. All the Justices concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 7, 1976.

*O. Wayne Ellerbee, Robert M. Clyatt,* for appellants. *Knight, Perry & Franklin, W. D. Knight, Hugh B. McNatt,* for appellee.