## 34553. SPELL v. BLALOCK.

NICHOLS, Chief Justice.

This case arises from an attempt by Blalock, the county administrator of Wayne County, to suspend or discharge Spell, the chief tax appraiser. The procedural aspects of the case are considered in passing upon Blalock's motion to dismiss the appeal.

1. After Blalock had attempted to discharge Spell, and Spell had denied Blalock's authority to terminate his employment, Blalock filed suit against Spell and obtained an order restraining Spell from going about the tax assessor's office and interfering with the operation of the office and the tax appraisal program. Spell answered, moved for dismissal of the complaint, and counterclaimed, denying the authority of Blalock to dismiss him. After the hearing, an order was entered on November 20, 1978, denying Spell's motion to dismiss and granting Spell's counterclaim on the ground that the attempted discharge did not comply with applicable procedural requirements for discharge of county employees. The order continued the restraint against Spell's going about or interfering with the tax assessor's office and modified the restraining order by providing that Spell would remain employed and entitled to his regular compensation "pending appeal and until further order of this Court." Thereafter, Blalock filed with the trial court his notice of dismissal of his complaint. Spell then filed his notice of appeal from the November 20, 1978 order.

Supplemental record establishes that Blalock thereafter notified Spell that Spell was being dismissed as chief tax appraiser of Wayne County pursuant to the procedures of the Wayne County personnel system. Spell

then sought an injunction against Blalock's terminating his employment and sought an order holding Blalock in contempt for violation of the injunctive provisions of the November 20, 1978 order from which the present appeal was taken. Blalock responded by moving that he be purged from contempt by allowing him to pay Spell's salary into the registry of the court pending a decision by this court in this appeal and until further order of the trial court. After hearing, the trial court granted Blalock's motion and ordered Spell's salary paid into the registry of the court pending this appeal and until further order of the trial court.

Blalock contends in support of his motion to dismiss the present appeal that his voluntary dismissal of his complaint dissolved the injunctive provisions of the order entered on November 20, 1978, and moots the issue of whether or not the trial court erred in refusing to grant Spell's motion to dismiss Blalock's complaint. Further, Blalock urges that upon entry of the trial court's order on November 20, 1978, Spell prevailed against Blalock on his counterclaim.

Blalock's contention in this court that his voluntary dismissal of his complaint dissolved the injunctive provisions of the order of November 20, 1978, is in irreconcilable conflict with his contention in the trial court that he should be purged of his contempt of those injunctive provisions by being allowed to pay Spell's salary into the registry of the court. The supplemental record reveals that the trial court and the parties, including Blalock, treated the injunctive features of the November 20, 1978 order as being in force and effect when the court granted Blalock's motion that he be purged of contempt of that order.

Spell has appealed from the order entered on November 20, 1978, and has enumerated as error the refusal of the trial court to rule in his favor on the issue of whether or not Blalock has authority to terminate his employment. This enumeration of error adequately raises the issue of whether or not the trial court, by entry of the November 20, 1978 order, after hearing, correctly continued the restraint against Spell's going about or interfering with the tax assessor's office. If Blalock lacked

authority to discharge Spell, the continuance of such a restraining order was error. Such matters are appealable as an exception to the doctrine of finality of judgments. Code Ann. § 6-701 (a) 3. It is apparent that the order from which the appeal has been taken remains in force and effect. Accordingly, the motion to dismiss the appeal is denied.

2. The merits of the controversy are controlled adversely to Blalock by the case of *Richmond County v. Jackson,* 234 Ga. 717 (218 SE2d 11) (1975), holding that the chief tax appraiser of Richmond County who, by law, was hired by the county board of tax assessors "subject to the approval of the governing authority" of Richmond County, could be terminated by the board of tax assessors rather than by the board of commissioners. In the present case, the Act in question does not establish in detail procedures for the employment and termination of the appraisal staff, but it does provide that the state revenue commissioner may make necessary rules and regulations not inconsistent with the Act to enforce the Act, and that such rules and regulations shall have the full force and effect of law. Code Ann. § 92-7012a. A rule of the Department of Revenue provides for the appraisal staff to be employed by the Board of Tax Assessors in each county subject to the approval of the governing authority of each county. Rules of the Department of Revenue, Section 560-11-2-.29. This regulation is in no material respect different from the provision of law construed in *Richmond. County v. Jackson,* supra.

There is no merit to Blalock's assertion that the foregoing regulation is inconsistent with the provision of the Act which states that "each *county,* except Class 1 counties, shall employ a minimum staff of appraisers." (Emphasis supplied.) Code Ann. § 92-7004a (b). The word "county" as used in Code Ann. § 92-7004a and again in Code Ann. § 92-7005a is not a reference to the board of commissioners or the county administrator because in these matters it is the board of tax assessors through which the county acts.

The question is not one of whether or not it is the county acting to employ persons within the meaning of Code Ann. §§ 92-7004a and 92-7005a. The county

unquestionably is acting. The question instead is one of which governmental board or officer has the authority to act for the county. *Rosser v. Meriwether County,* 125 Ga. App. 239, 241-242 (186 SE2d 788) (1971). See also *Meriwether County v. Rosser,* 230 Ga. 236 (196 SE2d 430) (1973); *Aetna Casualty &c. Co. v. Shuman,* 237 Ga. 403, 405 (228 SE2d 809) (1976). Similarly, there is no merit in Blalock's contention that the authority to fire Spell is in Blalock as county administrator by reason of a constitutional amendment set forth in Ga. L. 1962, p. 1118, because that amendment merely transfers to the county administrator the authority to hire and fire previously vested in the county commissioners. The authority to hire and fire appraisers, as aforesaid, is not a power vested in the commissioners. Blalock's remaining contentions regarding his authority to discharge appraisers also are without merit.

The trial court erred by continuing the order restraining and enjoining Spell from coming about and interfering with the tax assessor's office and its functions because the board of tax assessors, rather than the county administrator, has the authority to hire and fire the appraisal staff, including Spell, the chief tax appraiser. The trial court further erred in ordering Spell's salary paid into the registry of the court.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 20, 1979 — DECIDED APRIL 5, 1979.

*Dickey, Whelchel, Miles & Brown, J. Thomas Whelchel,* for appellant.

*Thomas & Howard, W. Glover Housman, Jr.,* for appellee.