D & C BUILDERS AND THE NEVADA INDUSTRIAL COMMISSION, APPELLANTS, v. KORY CULLINANE, RESPONDENT.

No. 12871

January 28, 1982 639 P.2d 544

*Reid & Alverson,* Las Vegas, *Claude Zobell,* Las Vegas, for Appellant D & C Builders.

*Frank A. King,* Las Vegas, for Appellant Nevada Industrial Commission.

*Bernstein & Piazza,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

Appellants appeal from the decision of the district court which granted respondent's claim for industrial insurance benefits and reversed the decision of the appeals officer. Appellants contend that the district court exceeded its proper scope of review. We disagree and affirm the lower court's decision.

Respondent Kory Cullinane was an employee of appellant, D & C Builders. On May 25, 1979, he left his employer's construction site in North Las Vegas with his brother. According to respondent, he planned to purchase special staples needed for the construction project and visit a friend during an extended lunch break. Respondent testified that after picking

up his motorcycle at his house, he traveled enroute to K-Mart, where he intended to pick up the staples for work. Before he reached the store, he was seriously injured in a collision with an automobile.

The Nevada Industrial Commission initially denied respondent's claim. A hearing officer reversed the NIC's decision, and appellant D & C Builders appealed that decision to an appeals officer. The appeals officer reversed the hearing officer's decision and denied respondent's claim, finding that respondent was not within the scope and course of his employment when injured because his primary purpose in taking the motorcycle trip was to visit his friend. The business errand—to obtain the staples—was determined to be incidental to the dominant, personal purpose of the excursion.

Respondent petitioned the district court for review. The district court reversed the appeals officer's decision and granted respondent's claim to industrial benefits. This appeal ensued.

The relevant portion of the Administrative Procedure Act (APA), NRS 233B.140(5),[1] imposes limits on the scope of review of an appeals officer's decision by the district court. We are bound by the same limitations when reviewing district court action taken on an administrative decision. No. Las Vegas v. Pub. Serv. Comm'n, 83 Nev. 278, 429 P.2d 66 (1967). We turn to determine the propriety of the trial court's action in light of these standards.

Marks v. Gray, 167 N.E. 181 (N.Y. 1920), is the seminal case involving compensability of injury sustained by an employee who has embarked on a trip off the employer's premises for both business and personal reasons—the so-called "dual purpose" doctrine. Judge Cardozo applied a formula in the *Marks*

---

[1]NRS 233B.140(5) provides:

The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(a) In violation of constitutional or statutory provisions;

(b) In excess of the statutory authority of the agency;

(c) Made upon unlawful procedure;

(d) Affected by other error of law;

(e) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

case, referred to in contemporary case law and commentary as the "concurrent purpose" test:

> We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause. To establish liability, the inference must be permissible that the trip would have been made though the private errand had been canceled . . . . The test in brief is this: If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own . . . . If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been canceled upon failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.

*Id*. at 182-83.[2]

The dual purpose doctrine has been interpreted by many jurisdictions to invoke a weighing of the business and personal motivations for the trip to determine the "primary" or "dominant" purpose of the excursion. Courts and commentators have cautioned against this approach. *See* Cook v. Highway Casualty Co., 82 So.2d 679 (Fla. 1955); Downs v. Durbin Corp., 416 S.W.2d 242 (Mo.App. 1967); 1 A. Larson, *Workmen's Compensation Law,* § 18.13 (1978). We believe that such weighing of purposes imposes a rigidity not contemplated by the *Marks* decision. Moreover, we find such weighing to be contrary to the remedial nature of workmen's compensation law. *See Cook, supra,* at 682.

We have not previously addressed the conflict between the "dominant purpose" or "concurrent purpose" tests derived from *Marks, supra,* nor have we made a choice between them. However, we believe that the proper test should require only that the business nature of an excursion be bona fide. This approach is more consistant with the remedial purposes of our workmen's compensation act than either the "concurrent purpose" or the "primary purpose" tests. This rule will nonetheless leave the broad discretion of the administrative tribunals

---

[2]Professor Larson notes the following caveat: "[I]t is not necessary, under this formula, that, on failure of the personal motive, the business trip would have been taken *by this particular employee at this particular time*. It is enough that someone sometime would have had to take the trip to carry out the business mission." 1 A. Larson, *Workmen's Compensation Law,* § 18.13 (1978) (Citing Gingell v. Walters Contracting Corp., 303 S.W.2d 683 (Mo.App. 1957)). (Emphasis in original.)

and officers relatively unfettered. To determine the business legitimacy or bona fides of a trip, we must review the evidence before the trial court when it made its determination to overturn the appeals officer's decision.

Although appellants contend that the trial court "substituted" its judgment for that of the appeals officer, our review of the record demonstrates that the appeals officer's decision was based largely on inference as to respondent's intent and was grounded on the misapprehension that a dominant personal motive for the trip would bar recovery. There was no testimony to controvert respondent's claims that he undertook the trip with a dual purpose—to obtain staples and see a girlfriend; that he would *not* have gone to see the friend if the business errand was unnecessary; and that he was enroute to the K-Mart to purchase staples when the accident occurred. The need for staples was corroborated by the respondent's father, who supervised the work at the job site. It was also clear from the employer's testimony that respondent and his co-workers were responsible for procuring supplies for the job, and often did so at various stores in the Las Vegas area.

 █

Administrative or adjudicative tribunals are permitted to make findings of fact based on reasonable inferences supported by the evidence, Heidtman v. Nevada Industrial Commission, 78 Nev. 25, 368 P.2d 763 (1962). Here, however, the inference that respondent was outside the scope of his employment was not justified by the evidence. Even if we chose to subscribe to the restrictive dominant purpose rule, the fact that respondent chose the particular K-Mart because it was closest to his own and his friend's home does not support an inference that he intended the trip to be primarily personal: combining personal with business purposes, in our view, does not necessarily alter the business character of the trip. *Marks, supra.* The record is devoid of any evidence suggesting that respondent was not at the time of the collision intent on accomplishing a task within the scope of his employment and of benefit to his employer. *Compare,* National Convenience Stores v. Fantauzzi, 94 Nev. 655, 659, 584 P.2d 689, 692 (1978) (vicarious liability imposed under special errand exception to "going and coming" rule).

We believe that the facts of this case would support an award under either the concurrent purpose or primary purpose tests derived from *Marks, supra,* as well as under the "bona fide business purpose" test we adopt today. We hold that recovery will be allowed where, as here, the employee was on a bona fide business errand when the incident giving rise to the claim occurred. *See e.g.,* Kaplan v. Alpha Epsilon Phi Sorority, 42

N.W.2d 342 (Minn. 1950). This is so, even though the record is clear that respondent was simultaneously pursuing his own interest. *See* Blesy v. United States, 443 F. Supp. 358 (W.D. N.Y. 1978).

The district court did not exceed the proper scope of review. The appeals officer's decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. NRS 233B.140(5).

We affirm the judgment of the trial court.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J.[3] concur.