TONY SCHEPCOFF, APPELLANT, *v.* STATE INDUSTRIAL INSURANCE SYSTEM; CBI CUSTOM BUSINESS INTERIORS, INC.; DEPARTMENT OF ADMINISTRATION APPEALS OFFICER, RESPONDENTS.

No. 23179

March 24, 1993                                        849 P.2d 271

*Greenman, Goldberg, Raby & Martinez,* Las Vegas, for Appellant.

*R. Scott Young,* General Counsel, *William A. Zeigler* and *Jerry J. Kaufman,* Associate General Counsel, Carson City, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court affirming an appeals officer's decision denying appellant worker's compensation benefits. At the hearing before the appeals officer, appellant testified that in February of 1990, he was employed as a carpenter by Custom Business Interiors in Las Vegas, Nevada. At approximately 3:00 p.m. on Friday, February 2, 1990, appellant's supervisor told a group of five or six employees, including appellant, that they were required to have their T-squares for work the next day. On cross-examination, appellant described the supervisor's statement as follows:

> Told them to be here with your T-squares. We had a problem with T-squares and tools missing on the job, which is normal. He says we got to have our T-squares, because we have a problem with T-squares, so that's what came up. We didn't have enough T-squares. Everybody come with your T-squares tomorrow or don't even bother showing up at Saturday's work.

Appellant told the supervisor that his T-square was at the shop, and the supervisor told him to go back to the shop and get it.

After appellant got off work at approximately 5:00 p.m., appellant started to the shop on his motorcycle to get his T-square. It was approximately 30 to 35 miles from the work site to the shop. Approximately one mile from the shop, appellant was "clipped" by a car. Appellant's elbow was shattered in the

accident, and the injury required surgery. Appellant missed approximately two months of work.

Appellant submitted a claim for worker's compensation which was received by SIIS on August 3, 1990. By a letter dated August 20, 1990, SIIS informed appellant that his claim was denied pursuant to NRS 616.500 because of untimely notice and filing. Appellant appealed to a hearing officer, who affirmed the denial of liability in a decision dated November 6, 1990. Subsequently, another appeals officer also affirmed the denial of liability, finding that appellant was not acting within the course and scope of his employment at the time of the injury, and that the injury did not arise out of the employment. The appeals officer specifically declined to address the issue of the timeliness of appellant's claim.

Among the appeals officer's findings of fact were the following:

> 2. Claimant and other employees were scheduled to work at the job site the following day, Saturday, February 3, 1990, and were told by the Supervisor to have all required tools for the job the next day. The Supervisor further stated that if the employees did not have the required tools they should not bother reporting for work on Saturday.
>
> 3. Claimant reported off the job, or checked out, between 5:00 and 5:15 p.m. on February 2, 1990.
>
> 5. Claimant needed a particular tool for work on Saturday, February 3, 1990, which he had at the employer's shop.
>
> 6. After signing out, the claimant left the work site by motorcycle to go to the shop to pick up the tool he would need for the next day's work.
>
> 7. Claimant was involved in an accident about 6:15 p.m. at a location approximately 1½ miles from the employer's shop.
>
> 8. Claimant was not working in the course and scope of his employment when he sustained his motorcycle accident.
>
> 9. The mere fact the Supervisor instructed claimant and other workers to have a certain tool with them for the next day's job would not place claimant in course and scope while driving his vehicle after he was off the clock and was not within reasonable geographical limits of the job site.
>
> 10. The System's denial of liability was proper.

Appellant filed a petition for judicial review on July 17, 1991. In an order entered March 5, 1992, the district court affirmed the appeals officer. This appeal followed.

Appellant contends that he was acting within the course and scope of his employment at the time of the accident, and that the

appeals officer erred in denying him worker's compensation benefits.[1] Appellant acknowledges the general rule that a worker is not acting within the course and scope of his employment when traveling to or from work, commonly known as the "coming and going rule," but argues that he falls within an exception.

When reviewing the decision of an administrative agency, this court is limited to the record below, and may not substitute its judgment for that of the agency as to the weight of evidence on questions of fact. NRS 233B.135. This court may reverse the decision of an administrative agency if the substantial rights of the appellant have been prejudiced because the final decision of the agency contains, *inter alia,* legal error, or is characterized by an abuse of discretion. NRS 233B.135. In regard to questions of law, this court has stated:

> While it is true that the district court is free to decide pure legal questions without deference to an agency determination, the agency's conclusions of law, which will necessarily be closely related to the agency's view of the facts, are entitled to deference, and will not be disturbed if they are supported by substantial evidence.

Jones v. Rosner, 102 Nev. 215, 217, 719 P.2d 805, 806 (1986), quoted in State, Dep't of Motor Vehicles v. Torres, 105 Nev. 558, 560-61, 779 P.2d 959, 960-61 (1989). Substantial evidence is evidence which a reasonable mind might accept as adequate to support a conclusion. State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986); State, Dep't of Mtr. Vehicles v. Becksted, 107 Nev. 456, 458 n.2, 813 P.2d 995, 996 (1991).

In this case, the decision of the appeals officer that appellant was not entitled to worker's compensation benefits is neither erroneous nor characterized by an abuse of discretion. That decision is based on the conclusion of the appeals officer that appellant was not acting within the course and scope of his employment at the time of his accident. This conclusion was supported by substantial evidence in the form of appellant's

---

[1]NRS 616.270 provides in pertinent part:

> 1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

testimony. Under appellant's own version of the facts, the appeals officer could have reasonably concluded that this case does not fall under any exception to the coming and going rule. *See* Imperial Palace v. Dawson, 102 Nev. 88, 715 P.2d 1318 (1986) (when employee injured while enroute to receive medical treatment for injury suffered on the job, the second injury arose out of the course of employment and worker could receive worker's compensation benefits); Crank v. Nev. Indus. Comm'n, 100 Nev. 80, 675 P.2d 413 (1984) (an exception to the coming and going rule exists where an employee is paid an identifiable amount as compensation for travel expenses); D & C Builders v. Cullinane, 98 Nev. 67, 639 P.2d 544 (1982) (employee considered to have a bona fide business purpose and so was acting within the course and scope of his employment where employee, who regularly was responsible for procuring supplies for the job, was injured while enroute to purchase supplies during his lunch hour on which he also intended to visit a friend); *see also* Green v. W.C.A.B., 232 Cal.Rptr. 465 (Cal.Ct.App. 1986) (an exception to the coming and going rule exists where an employee is injured during his regular commute if he was also performing a "special mission" for his employer which is extraordinary in relation to his routine duties, but not outside the scope of employment); Rosser v. Meriwether County, 186 S.E.2d 788 (Ga.Ct.App. 1971) (where an employee is permitted or required to perform some part of his work or some act incidental to his work which is beneficial to his employer while enroute to work and is injured, the injury arises in the course of his employment).

Having concluded that appellant cannot demonstrate error or abuse of discretion by the appeals officer in denying him benefits, we affirm the order of the district court.[2]

ROSE, C. J., dissenting:

I dissent.

_____

[2]THE HONORABLE MIRIAM SHEARING, Justice, did not participate in the decision of this appeal.