OPINION

Per Curiam:

Respondent Nick Apostolec sustained an injury to his back on April 15, 1980, while employed by Golden Gate Casino in Las Vegas, Nevada. Apostolec was found to have a 2% permanent impairment and was awarded a lump sum payment of $1,488.46 by SIIS. Apostolec returned to work at the Golden Gate Casino.
*1027 On November 20, 1987, Apostolec requested SIIS to reopen his industrial claim, which SIIS did. On Juné 8, 1988, Apostolec had surgery on his back. Following the surgery, Apostolec was unable to work from June 6, 1988, to July 15, 1988. During this time, Golden Gate Casino continued to pay Apostolec his full wages.
A SIIS telephone communication record dated November 30, 1988, states that a SIIS employee telephoned Apostolec’s employer to inquire whether the employer paid Apostolec during his leave of absence. On receiving an affirmative answer to her inquiry, the SIIS employee told Apostolec’s employer that the SIIS temporary total disability monies would be paid to the employer.
On December 6, 1988, SIIS issued a compensation check payable to the order of Nick Apostolec, c/o Craig I. Ghelfi, J.D. Fiorito, et. al. DBA Golden Gate, #1 Fremont Street, Las Vegas, NV 89101. Apostolec was notified at work that the temporary total disability check had arrived at his employer’s personnel office. Apostolec went to the personnel office and was required to endorse the check. He endorsed the check over to his employer. Apostolec did not retain or cash the check. '
In November of 1988, Apostolec was rated as having an 8% permanent partial disability. Apostolec appealed the permanent partial disability rating. The Department of Administration hearing officer affirmed SIIS’ determination to award Apostolec 8% permanent partial disability. Apostolec appealed. The parties settled on the amount of permanent partial disability, stipulating that Apostolec would be awarded 11 % permanent partial disability. The question of the date from which to calculate the permanent partial disability award remained unsettled.
In a decision dated January 12, 1990, a Department of Administration hearing officer affirmed the decision of SIIS to calculate Apostolec’s partial permanent disability benefits from July 16, 1988. Apostolec then appealed to an appeals officer. In a decision dated November 29, 1990, the appeals officer affirmed the decision of the hearings officer. The conclusion of law reached by the appeals officer was as follows:
NRS 616.605(4) provides permanent partial disability compensation to commence on the date of injury or the day following the termination of temporary disability compensation, if any, whichever is later. Temporary total disability was awarded for the time period he missed work in 1988, and therefore, his permanent partial disability must be calculated from July 16, 1988. His present disability from a medical standpoint stems from the 1988 surgery.
*1028 Apostolec filed a petition for judicial review in the district court on December 31, 1990. On July 10, 1991, the district court entered an order granting the petition for judicial review and reversing the order of the appeals officer. The district court specifically found that Apostolec was not paid temporary disability compensation within the meaning of NRS 616.605(4).[1] This appeal by SIIS followed.
SIIS contends that the decision of the appeals officer was supported by substantial evidence, and that the district court therefore erred in reversing that decision.
The facts in this case are undisputed. In light of these undisputed facts, we conclude that the appeals officer’s conclusion of law that temporary total disability benefits were awarded to Apos-tolec was correct as a matter of law.
Apostolec argues that, as a result of the telephone call from SIIS of November 30, 1988, his employer was misled into believing that it was entitled to the temporary total disability monies. His employer then in turn misled Apostolec into believing the same thing. Apostolec claims that, under these circumstances, his act of endorsing the check over to his employer was not a knowing or voluntary relinquishment of his rights, and that he therefore did not actually receive his temporary total disability.
We conclude that this argument lacks merit. The record conclusively establishes that Apostolec was paid temporary total disability benefits on December 6, 1988. Apostolec’s act of endorsing the check to his employer does not change the fact that Apostolec actually received his temporary total disability.
Accordingly, we conclude that the appeals officer’s decision does not contain legal error and is not characterized by an abuse of discretion. See Schepcoff v. SIIS, 109 Nev. 322, 849 P.2d 271 (1993). We therefore reverse the order of the district court, and order SIIS to calculate Apostolec’s partial permanent disability award from July 16, 1988.

NRS 616.605 was amended effective March 1, 1993. The relevant language is now found in NRS 616.605(5).