S97A1506. CHAMBERS et al. v. FULFORD et al.
(495 SE2d 6)

HUNSTEIN, Justice.

In September 1996 the Wheeler County Board of Tax Assessors entered into a four-year contract with Jerry Powell to act as a Level III county tax appraiser. Two of the three commissioners on the Wheeler County Board of Commissioners approved the contract[1] and Powell entered into performance of his duties for the remainder of the year. In January 1997, the successor board of commissioners, consisting of one newly elected member and only one member who voted in favor of Powell's contract, refused to appropriate funds sufficient to honor Powell's contract. The board of tax assessors subsequently applied for and received a writ of mandamus from the Superior Court of Wheeler County requiring the board of commissioners to appropriate funds necessary to fulfill the terms of the employment contract approved by the former board of commissioners. A majority of the board of commissioners appeal, asserting they are not obligated under OCGA §§ 48-5-298 or 48-5-263 (c) to appropriate county money to honor a contract of employment between the board of tax assessors and Powell. Because we find that the trial court properly recognized that OCGA § 48-5-262 required the board of tax assessors to employ a Level III appraiser and that, consistent with the statutory scheme established by the General Assembly, the authority to contract for the terms of employment lies in the board of tax assessors, and not the board of commissioners, we affirm.

1. " 'The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought, and

---

[1] OCGA § 48-5-298 (a) provides that the county board of tax assessors may enter into employment contracts with persons for assistance in appraising the taxable properties in the county "subject to the approval of the county governing authority."

there is no other adequate remedy. These two conditions must coexist. [Cit.]' [Cit.]" *McClung v. Richardson*, 232 Ga. 530, 531 (207 SE2d 472) (1974). In denying appellants' motion to dismiss, the trial court correctly recognized that the board of commissioners was liable for the contracts and obligations validly entered into by the board of tax assessors and that the board of tax assessors had no other adequate legal remedy. See *Grimsley v. Twiggs County*, 249 Ga. 632, 635 (3) (292 SE2d 675) (1982). Accordingly, the trial court did not err in refusing to dismiss the mandamus action.

2. OCGA § 48-5-260 establishes a comprehensive system for the administration and equalization of property taxes. The statute was enacted to

[c]reate, provide, and require a comprehensive system for the equalization of taxes on real property within this state by the establishment of uniform state-wide forms, records, and procedures and by the establishment of a competent, full-time staff for each county of this state to:

(A) Assist the board of tax assessors of each county . . . .

Id. at (1). OCGA § 48-5-290 creates a county board of tax assessors for each county in the State and provides for the appointment of board members by the governing authority of the county. Id. at (a), (b). The duties of a county board of tax assessors include valuation of real and personal property subject to taxation and collection of taxation. OCGA § 48-5-299 (a). To further those duties imposed upon the tax assessors by law a county board of tax assessors is given the authority, "subject to the approval of the county governing authority," to enter into employment contracts. OCGA § 48-5-298 (a). See also *Spell v. Blalock*, 243 Ga. 459, 462 (254 SE2d 842) (1979). OCGA § 48-5-262 (c) (1) establishes the *minimum* tax appraiser staffing requirement for each county and directs a Class II county, like Wheeler County,[2] to staff at least one Level III tax appraiser. The rate of compensation payable to a staff tax appraiser is determined by the state revenue commissioner and payable from county funds. OCGA § 48-5-263 (c).

Although nothing in this comprehensive taxation system speaks in terms of the duration of an employment contract between a county board of tax assessors and the tax appraiser hired by the assessors, in all matters dealing with county tax appraisers it is the board of

---

[2] For purposes of administration, counties are placed into classes. Wheeler County is a Class II county because it has "at least 3,000 but less than 8,000 parcels of real property." OCGA § 48-5-261 (2). Each county other than a Class I county is required to employ a minimum staff of appraisers. The staffing requirements are set forth in OCGA § 48-5-262 (c).

tax assessors and not the board of commissioners which acts as the "governmental board [which] has the authority to act for the county." *Spell v. Blalock*, supra at 462 ("[t]he authority to hire and fire appraisers . . . is not a power vested in the [county board of] commissioners"). Because the power to hire and fire Powell as a tax appraiser rests with the Wheeler County Board of Tax Assessors, see id.; OCGA § 48-5-298 (a), it follows that the authority to alter the duration of the employment contract remains with that body, not with the board of commissioners, which previously approved the contract.

3. We do not agree with appellants that the length of the contract contravenes OCGA § 36-30-3[3] as an impermissible attempt by a former board of commissioners to bind its successors. See *Brown v. City of East Point*, 246 Ga. 144, 146 (268 SE2d 912) (1980). That statute is plainly not applicable because the issue here is not legislation promulgated by the former board of commissioners but an act of the Georgia Legislature expressly requiring the county, through the board of tax assessors, to provide for an appraiser under its comprehensive uniform codification of real property taxation. We cannot read OCGA § 36-30-3 as creating a rule that a county board of tax assessors may not enter into a contract of reasonable duration which extends beyond the term of that board of commissioners which had the initial approval power over the contract.

Powell entered into a contract with the board of tax assessors, not with the board of commissioners. Consequently, because the Board of Commissioners of Wheeler County lacked the authority and power to alter the terms of the contract between the Wheeler County Board of Tax Assessors and Powell, the trial court did not err in requiring the board of commissioners to appropriate funds to fulfill the employment contract at issue.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 26, 1998.

*Preston N. Rawlins, Jr.,* for appellants.
*Groover & Childs, Denmark Groover, Jr.,* for appellees.

---

[3] OCGA § 36-30-3 (a) provides: "One council may not, by an ordinance, bind itself or its successors so as to prevent free legislation in matters of municipal government." In construing this statute's predecessor, Code § 69-202, we determined that the statute applies equally to county government. *Aven v. Steiner Cancer Hosp.*, 189 Ga. 126, 140 (5 SE2d 356) (1939).