A07A2003. POWELL v. WHEELER COUNTY et al.
(659 SE2d 893)

SMITH, Presiding Judge.

Jerry Powell appeals from the trial court's grant of summary judgment in favor of Wheeler County ("county") and the Wheeler County Board of Tax Assessors ("board of tax assessors"). Powell

---

[8] *Tuck v. Cummins Trucking Co.,* 171 Ga. App. 485, 487 (2) (320 SE2d 265) (1984).
[9] Id.
[10] Id.

asserts that the trial court erred by concluding that he did not have a valid claim for breach of contract against the county and the board of tax assessors. For the reasons set forth below, we affirm.

Summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). In this case, the facts are undisputed and the outcome turns on whether Powell's contract with the board of tax assessors was approved by the Wheeler County Commission. OCGA § 48-5-298 (a) provides, in pertinent part: "Each county board of tax assessors, subject to the approval of the county governing authority, may enter into employment contracts with persons to . . . (1) Assist the board in the . . . appraising of taxable properties in the county."

The record shows that, on June 18, 2002, a majority of the board of tax assessors entered into an employment contract with Powell for his services as a tax appraiser.[1] This contract provided for a four-year term of employment and obligated the county to pay Powell for all salary due under the contract if it terminated his employment on grounds other than gross incompetence or permanent physical or mental impairment. On the same day, the board of tax assessors forwarded the contract to the county commissioners.

In a meeting held on July 18, 2002, a majority of the county commission voted in favor of "a motion that the governing authority disagrees with all parts of Mr. Powell's revised, extended contract . . . and sends it back to the board of assessors." Although the contract was not approved, Powell continued working as a tax appraiser and the county paid him according to the rate specified in the 2002 contract.

Over two years later, a majority of the board of tax assessors voted to terminate Powell and specified no reason for his termination. Powell filed suit for breach of contract against the county and the board of tax assessors and asserted that he was entitled to be paid his salary for the balance of the contract term. The trial court granted summary judgment to the county and the board of tax assessors, because Powell's contract was not approved by the county commission as required by OCGA § 48-5-298 (a).

On appeal, Powell asserts that we should find that the county commission approved the contract because it paid him and therefore ratified the contract in its entirety. We disagree. The Georgia Supreme Court has previously held that a county commission's "power to approve the whole includes the power to approve any part thereof less than the whole. [Cits.]" *Bd. of Public Ed. &c. v. Zimmerman*, 231

---

[1] The parties have a long history of employment disputes, see *Chambers v. Fulford*, 268 Ga. 892 (495 SE2d 6) (1998), but only the 2002 contract is at issue in this appeal.

Ga. 562, 568 (II) (203 SE2d 178) (1974). In this case, the county commission voted against approving Powell's written contract. Under these circumstances, we cannot find that its later payment to Powell for work provided should be construed as approval or ratification of his entire written contract. Instead, as held by the trial court, Powell's payment should be construed as approval of at-will employment by the board of tax assessors. Cf. *Ogletree v. Chester*, 682 F2d 1366, 1371 (11th Cir. 1982) (holding county employee with unenforceable contract was at-will employee).[2]

Because Powell's contract was never approved by the county commission as required by OCGA § 48-5-298 (a), we affirm the trial court's grant of summary judgment to the county and the board of tax assessors.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 25, 2008 — 

*Groover & Childs, William H. Noland*, for appellant.
*Smith & Jenkins, Wilson R. Smith, Thomas W. Everett*, for appellees.

---

[2] The Georgia Supreme Court's opinion in *Chambers*, supra, does not alter this result. In *Chambers*, it was undisputed that the county commission initially approved the employment contract for which it later refused to pay. 268 Ga. at 892. In this case, the county commission refused to approve the contract, and the board of tax assessors, not the county commission, terminated Powell's employment.