## STATE, DEPARTMENT OF HIGHWAYS, v.
## LEON EDWARD LAUSENG.

183 N. W. (2d) 926.

February 19, 1971—No. 42540.

*Douglas M. Head,* Attorney General, *Eric B. Schultz,* Acting Deputy Attorney General, and *Frederick S. Suhler, Jr.,* Special Assistant Attorney General, for appellant.

*Gerald C. Magee* and *Earl P. Gray,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

PETERSON, JUSTICE.

This is an appeal from an order of the Hennepin County Municipal Court which rescinded an order of the commissioner of highways revoking defendant's driver's license for refusal to permit chemical testing for intoxication, Minn. St. 169.123.

Defendant, arrested for operating his motor vehicle while under the influence of an alcoholic beverage, was informed of his rights and responsibility under the so-called implied-consent law and the availability of blood, breath, or urine tests. He declined either a blood or breath test, opting for the urine test. He

was unable to pass urine,[1] despite three efforts over a period between 7:42 p. m. and 8:25 p. m., after which he was booked in the city jail. It is conceded that defendant "really did try to give a urine sample." Defendant was again offered a blood or breath test after it had become apparent he was unable to give a urine sample.

An election of one of the alternative chemical tests made available to a driver presupposes the driver's ability to supply, within a reasonable time, a sample essential to that test. No unreasonable burden is imposed on a driver to whom a direct blood test is repugnant, where, as here, two alternatives are available. The testing officers should not in such circumstances be required either to ascertain whether or not the driver is making a good-faith effort to produce the sample or to await the driver's convenience of a different time or place. The officers acted properly when, upon defendant's apparent inability to produce a urine sample, they then offered him the alternative of a blood or breath test. We hold that, because the option for a urine test was foreclosed by his inability to effectuate it, defendant's failure to accept the blood test or the alternative breath test constituted a refusal to submit to chemical testing within the meaning of Minn. St. 169.123.

Reversed.

---

[1] Slough and Wilson, *Alcohol and the Motorist: Practical and Legal Problems of Chemical Testing,* 44 Minn. L. Rev. 673, 679, n. 12, notes: "Although saliva and urine are simple substances to collect, frequently during the emotional disturbance created by arrest or accident, the person will be quite unable to produce either type of fluid." Harger, *Some Practical Aspects of Chemical Tests for Intoxication,* 35 J. Crim. L. 202, 215, writes: "As pointed out by Southgate and Carter of England [*Excretion of Alcohol in Urine,* Brit. Med. Jour. 1:463, March 13, 1926], it is occasionally found that an inebriated individual will not, or cannot, urinate when requested to do so."