NEIL EUGENE GARVIN, Appellant, *v.* THE STATE OF
NEVADA, DEPARTMENT OF MOTOR VEHICLES,
Respondent.

No. 11007

November 19, 1980 619 P.2d 534

*Harding & Zervas, Chtd.,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, and *Michael Kaplan,*
Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

A hearing officer of the Department of Motor Vehicles determined that appellant failed to comply with Nevada's implied consent law, NRS 484.383 to 484.387. Consequently, appellant's driver's license was suspended. Appellant then sought judicial review of the Department's decision. The district court reviewed the administrative proceedings, and affirmed the driver's license suspension.

The hearing officer found that appellant was arrested for driving under the influence of drugs, and that he was advised as to the implied consent law. Upon his arrest appellant was requested to submit to a blood, urine or breath test, but was specifically told that the breath test alone would not satisfy the implied consent law because of the drug aspect of the arrest. *See* NRS 484.383(5).[1] Appellant requested a breath test. A

---

[1]At the time of the arrest, NRS 484.383(5) provided:

Where the alcoholic content of the defendant's blood is in issue, a person may refuse to submit to a blood test if means are reasonably available to perform a breath or urine test, and may refuse to submit to a blood or urine test if means are reasonably available to perform a breath test. Where there is no noticeable odor of alcohol emanating from the body of a person and the presence of a controlled substance in such person's blood is in issue, such person may refuse to submit to a blood test if means are reasonably available to perform a urine test. *Such person may not submit to a breath test in lieu of submitting to a blood or urine test.* (Emphasis added.)

This subsection of the statute has since been amended. *See* 1979 Nev. Stats. ch. 580 § 1, at 1164.

highway patrol officer informed appellant that he could take a breath test, but that he would also have to take either a blood or urine test. Appellant took a breath test, but would not submit to a blood or urine test.[2]

Appellant first contends that he satisfied the implied consent law by submitting to the breath test. This contention is without merit. At the time of the arrest NRS 484.383(5) clearly provided that in a controlled substance case the driver could not submit to a breath test in lieu of submitting to a blood or urine test. This law was explained to appellant, who nevertheless requested a breath test. The statutes did not require the arresting officers to refuse appellant's request to take a breath test following the explanation that the breath test alone would not satisfy the implied consent law.

Appellant's second contention is that the evidence does not support the finding that the controlled substance issue arose prior to the breath test. Neither this court nor the district court may substitute its judgment for that of the administrative agency as to the weight of the evidence on questions of fact. Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 607 P.2d 581 (1980); see Windish v. State, 93 Nev. 636, 572 P.2d 210 (1977). The record in the present case contains substantial evidence to support the finding of the hearing officer.

Appellant next maintains that the arresting officer's affidavit submitted to the Department of Motor Vehicles was invalid and deprived the Department of authority to proceed against appellant. It is argued that the officer's affidavit was internally inconsistent and contrary to the officer's testimony at the hearing. The district court did not commit error by concluding that the officer's sworn written statement substantially complied with Nevada law. See NRS 484.383(6).[3]

---

[2]Appellant agreed to take a urine test, and was allowed one and one-half hours within which to urinate. Following his failure to urinate, appellant refused to submit to a blood test. A mere attempt to urinate, without success, is not a submission to a chemical test within the meaning of the implied consent law. See Quesada v. Orr, 92 Cal. Rptr. 640 (Cal.App. 1971).

[3]NRS 484.383(6) provides:

If a person under arrest refuses to submit to a required chemical test as directed by a police officer under this section, the police officer shall submit to the department of motor vehicles within 10 days a sworn written statement that he had reasonable grounds to believe the arrested person had been driving a vehicle upon a highway while under the influence of intoxicating liquor or a controlled substance and that the person refused to submit to the test upon the officer's request.

Finally, appellant asserts that his refusal to submit to chemical tests was due to confusion caused by the police officers. Appellant testified at the hearing, but he did not claim any confusion. Furthermore, the police officers testified that at the time of the arrest appellant stated he understood the implied consent law. The hearing officer specifically found that the officers explained the implied consent law to appellant "with great clarity." This finding was supported by the evidence.

Affirmed.