[Civ. No. 6438. Fifth Dist. Oct. 15, 1981.]

ROBERT PETE NOLI, JR., Plaintiff and Appellant, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

## COUNSEL

Linneman, Burgess, Telles, Van Atta & Vierra and James E. Linneman for Plaintiff and Appellant.

George Deukmejian, Attorney General, Richard D. Martland, Assistant Attorney General, and Mary C. Michel, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**THE COURT.***—Following an administrative hearing, respondent Department of Motor Vehicles ordered appellant's driver's license suspended for six months pursuant to Vehicle Code section 13353, which provides for such suspension when a motorist lawfully arrested for driving under the influence of intoxicating liquor refuses to submit to one of three chemical tests for determining the alcoholic content of his blood. The present appeal is from a judgment of the superior court denying appellant's petition for administrative mandamus to compel respondent to vacate the license suspension order.

Appellant was arrested in Merced County by California Highway Patrol officers in the evening of June 30, 1980, on suspicion of drunk driving (Veh. Code, § 23102, subd. (a)). The two officers took him to the Merced Community Medical Center (Medical Center). In the parking lot there, before they entered the building, one officer read the following statement to appellant from a Department of Motor Vehicles form: "You are required by state law to submit to a chemical test to determine the alcoholic content of your blood. You have a choice of whether the test is to be your blood, breath or urine. If you refuse to submit to a test or fail to complete a test, your driving privilege will be suspended for a period of six months. You do not have the right to talk to an attorney or to have an attorney present before stating whether you will submit to a test, before deciding which test to take, or during the administration of the test chosen. If you are incapable or state you are incapable of completing the test you choose, you must submit to and complete any of the remaining tests or test." The officer then asked appellant successively whether he would submit to a blood test, a breath test, or a urine test. Appellant answered no to the first two but yes to the urine test. The two officers then took appellant into the Medical Center and asked him again whether he would submit to a blood test or a breath test, which would be given at the Medical Center, but appellant refused both.

Appellant was "combative" with the officers and was in handcuffs while at the Medical Center. The officers were unwilling to remove the handcuffs at the Medical Center to allow the urine test to be taken there. They told appellant that the urine test would have to be given at

---

*Before Hanson (P. D.), Acting P. J., Andreen, J., and Pettitt, J.†

†Assigned by the Chairperson of the Judicial Council.

the jail, but that the blood test and breath test could only be given at the Medical Center, and if appellant was transported to the jail for the urine test and failed to complete that test, he would not have another opportunity to take the blood test or the breath test. Appellant was insistent he would take only the urine test.

The officers then took appellant back to the patrol car (putting him in the car "forcibly") and proceeded with him to the county jail. At the jail the handcuffs were removed and appellant was placed in the drunk tank and given directions to proceed with his part of the urine test. After a brief interval appellant reported back to the officers he was unable to urinate. He was told that if he could not complete the test his license would be suspended for six months. The officers waited approximately 20 minutes but without further result.

The evidence on the point was conflicting, but the trial court found that appellant did not request to be given another opportunity to take the breath test or the blood test.

Respondent's decision after the administrative hearing was that the automatic suspension of appellant's driver's license under section 13353 should remain in effect. The trial court in the administrative mandamus proceeding reviewed the evidence presented at the administrative hearing and, exercising its independent judgment, determined in effect that appellant had failed and refused to complete any of the three blood alcohol tests prescribed in section 13353, without legal excuse, and denied the writ of mandate.

■ We agree with respondent and the trial court. The total picture disclosed shows a young man of large physical build, from all indications heavily under the influence of alcohol, aggressive and combative in his behavior with the officers and requiring physical restraint. To say that he was uncooperative with the officers would be a gross understatement. (We note appellant stipulated at the administrative hearing that the arresting officer had reasonable cause to believe appellant had been driving while drunk; and that he was lawfully arrested.) The officers were justified in concluding, in the circumstances, that appellant was unwilling to take any of the tests and in fact was refusing to do so despite the warning given to him about the consequences.

Section 13353 states in part: "The person arrested shall have the choice of whether the test shall be of his blood, breath, or urine, and he

shall be advised by the officer that he has such choice. If the person arrested either is incapable, or states that he is incapable, of completing any chosen test, he shall then have the choice of submitting to and completing any of the remaining tests or test, and he shall be advised by the officer that he has such choice." We hold that in the circumstances here presented, section 13353 did not require the officers to offer appellant another opportunity to choose one of the two tests he had categorically refused, when it would mean transporting him back to the Medical Center to do so, particularly when there was little reason to believe he would submit to either of those tests if the opportunity were renewed. To hold otherwise would be to exalt form over substance in the interpretation of the statute and make the arresting officers subservient to the caprice of an inebriated and uncooperative arrestee. The officers had more important things to do than play games with appellant in his condition. What it boils down to is that one who is lawfully under arrest for drunk driving should not be able to frustrate the procedure contemplated by section 13353 and defeat its purpose by being combative and uncooperative with the arresting officers.[1]

Our decision is in line with *Buchanan v. Department of Motor Vehicles* (1979) 100 Cal.App.3d 293 [160 Cal.Rptr. 557], *Covington v. Department of Motor Vehicles* (1980) 102 Cal.App.3d 54 [162 Cal.Rptr. 150], and *Zidell v. Bright* (1968) 264 Cal.App.2d 867 [71 Cal.Rptr. 111].

Judgment affirmed.

---

[1]It is clear from the evidence that except for his combativeness and resistance to the officers appellant could have had the urine test at the Medical Center. Then if he had failed to complete the test he could have taken either of the other tests. In a real sense he foreclosed that possibility by his uncooperative behavior.