STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES, Appellant, *v.* VALERIE JENKINS, Respondent.

No. 13747

June 9, 1983                                                    663 P.2d 1186

*Brian McKay,* Attorney General; *Larry B. Bernard* and *Steven F. Stucker,* Deputy Attorneys General, Carson City, for Appellant.

*Kenneth J. Jordan,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

A hearing officer of the Department of Motor Vehicles determined that respondent Valerie Jenkins failed to comply with Nevada's implied consent law, NRS 484.383. Consequently, her driver's license was suspended. Respondent then sought judicial review of the Department's decision. The district court reviewed the administrative proceedings, and set aside the suspension. For the reasons hereinafter set forth, we reverse the district court's decision.

The hearing officer found that respondent was arrested for driving under the influence, and that she was advised as to the implied consent law but refused to submit to a chemical test as required under NRS 484.383.[1] Upon her arrest, respondent was

---

[1]NRS 484.383 provides in pertinent part:

    1. Except as provided in subsections 4 and 5, any person who drives a vehicle upon a highway in this state shall be deemed to have given his consent to a chemical test of his blood, urine, breath to other bodily substance for the purpose of determining the alcoholic content of his blood or the presence of a controlled substance when

told by a police officer that she would have to submit to a blood test. When respondent refused, on religious grounds, to submit to a blood test, the arresting officer contacted the district attorney's office. The officer was eventually advised to give respondent the option of submitting to a breath or urine test in lieu of a blood test.

Shortly before the officer received instructions from the district attorney's office, however, respondent requested and received permission to relieve herself. When the officer subsequently informed respondent she had the option of submitting to a blood or urine test, respondent chose the urine test. Having just urinated, respondent was uanble to give a urine sample. She failed to give a urine sample over the next four to five hours, although she made several attempts. The officer finally again gave respondent the option of taking a breath test; when she again refused, the officer noted that respondent had failed to comply with the chemical test requirements of the implied consent law.

The hearing officer found that respondent had refused to submit to a chemical test as required by the implied consent law. The district court reversed the decision of the hearing officer, finding the decision was not supported by substantial evidence on the record. We disagree. Initially, we note that neither this court nor the district court may substitute its judgment for that of the administrative agency as to the weight of the evidence on questions of fact. Garvin v. State, Dep't of Mtr. Vehicles, 96 Nev. 827, 829, 619 P.2d 534 (1980); Nev. St. Bd., Dental Exam'rs v. Toogood, 97 Nev. 255, 628 P.2d 301 (1981). Review is limited to the determination that the administrative agency's decision is based on substantial evidence. *See* NRS 233B.140(5); D & C Builders v. Cullinane, 98 Nev. 67, 639 P.2d 544 (1982).

In the instant case, there is substantial evidence to support

such a test is adminstered at the direction of a police officer having reasonable grounds to believe that the person to be tested was driving a vehicle while under the influence of intoxicating liquor or a controlled substance and:

(a) After he was arrested for any offense allegedly committed while he was driving a vehicle under the influence of intoxicating liquor or a controlled substance; or

(b) He is dead, unconscious or otherwise in a condition rendering him incapable of being arrested.

2. The person arrested must be informed that his failure to submit to such a test will result in the suspension of his privilege to drive a vehicle for a period of 6 months.

the decision of the hearing officer. From the record presented, it is clear that respondent was cognizant of her responsibities under the implied consent law. The arresting officer testified that he read the implied consent law to respondent from a card prepared for that purpose by the sheriff's office. Further, at the administrative hearing respondent made no claim that she was in any way confused or unaware of her responsibilities under the statute. *Cf.* Garvin v. State, Dep't of Mtr. Vehicles, 96 Nev. at 830 (driver claiming confusion as to responsibilities under implied consent law testified at hearing but failed to mention alleged confusion; officers testified that at time of arrest driver stated he understood implied consent law; license suspension upheld). Thus, the hearing officer's finding that respondent was aware of her responsibilities under the implied consent law is supported by substantial evidence.

The hearing officer's finding that respondent failed to submit to a chemical test is also supported by substantial evidence. Although respondent apparently made several attempts to provide a urine sample over a four to five hour period, she ultimately failed to provide the necessary sample. The hearing officer's finding of a failure to submit to a chemical test thus is implicitly based on the proposition that the failure to *complete* a chemical test amounts to a refusal to submit to a chemical test. In contrast, the district court's reversal of the hearing officer's decision appears to be implicitly based on the proposition that a driver's good faith attempt to complete a chemical test is sufficient to meet the driver's responsibilities under the implied consent law even if that attempt is unsuccessful.

This court has previously stated, however, that "[a] mere attempt to urinate, without success, is not a submission to a chemical test within the meaning of the implied consent law." Garvin v. State, Dep't of Mtr. Vehicles, 96 Nev. at 829, n. 2. Further, courts of our sister state of California have consistently held that where a driver chooses to submit to a urine test but is unable to complete the test due to an inability to pass urine, the driver will be found to have refused to submit to a chemical test unless he submits to and completes a different test. *See* McConville v. Alexis, 159 Cal.Rptr. 49 (Cal.App. 1975); Skinner v. Sillas, 130 Cal.Rptr. 91 (Cal.App. 1976); Smith v. Cozens, 101 Cal.Rptr. 787 (Cal.App. 1972); Cahall v. Department of Motor Vehicles, Div. of Driv. Lic., 94 Cal.Rptr. 182 (Cal.App. 1971); Quesada v. Orr, 92 Cal.Rptr. 640 (Cal.App. 1971). Other jurisdictions have reached a similar result. *See* State, Department of Highways v. Lauseng, 183 N.W.2d 926 (Minn. 1971); Mackey v. Director of Dept. of Motor Vehicles, 235 N.W.2d 394 (Neb. 1975).

In the instant case, respondent was unable to complete the urine test, and thus did not submit to that chemical test within the meaning of the implied consent law. When it became apparent that she would be unable to complete the urine test, it was respondent's responsibility to submit to and complete a different test. Assuming, *arguendo,* that respondent could legitimately refuse to submit to a blood test on religious grounds, she nonetheless did not allege or establish a valid reason for not completing a breath test. *See* 3 Erwin, Defense of Drunk Driving Cases § 33.06 (3rd ed., 1982); *see also* Commonwealth of Pa., Dept. of Transp. v. Medalis, 354 A.2d 43 (Pa.Cmwlth. 1976); Commonwealth Dept. of Trans. Bur. of Tr. Safe. v. Kelly, 335 A.2d 882 (Pa.Cmwlth. 1975) (mere allegation by driver that he was unable to complete breath test insufficient, standing alone, to establish inability to complete test as required).

The hearing officer's determination that respondent refused to submit to a chemical test is supported by substantial evidence on the record presented, and the district court erred in reversing the administrative ruling suspending respondent's driver's license. Accordingly, we order the district court's decision reversed.