THE STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, Appellant, v. MARK E. BECKSTED, Respondent.

No. 21308

June 27, 1991                                     813 P.2d 995

*Frankie Sue Del Papa,* Attorney General, Carson City; *Keith D. Marcher,* Deputy Attorney General, Las Vegas; *Rex Bell,* District Attorney, Clark County, for Appellant.

*J. Forest Cahlan,* Pahrump, for Respondent.

## OPINION

*Per Curiam:*

On March 24, 1989, at approximately 10:30 A.M., Officer Van Cleef, while traveling westbound on Russell Road, observed a white Jeep speeding northbound on Mountain Vista. Officer Van Cleef paced the vehicle at 70 to 75 miles per hour in a posted 35 mile per hour speed zone. The vehicle was observed crossing into oncoming traffic and passing another vehicle on the right. The vehicle stopped at Mountain Vista and Tropicana and the officer executed a traffic stop. The driver of the vehicle was identified as Mark E. Becksted, the respondent.

Respondent had an odor of alcohol on his breath, his speech was slurred, and when he exited the vehicle, he had difficulty in

standing. Officer Van Cleef testified that there were eight "Miller Lite" beer bottles in the Jeep. No field sobriety test was administered for safety reasons.[1] Respondent was arrested for driving under the influence and transported to the Clark County Detention Facility.

En route to the jail, Officer Phillips, who was riding with Officer Van Cleef, read the implied consent admonition to respondent. Respondent stated that he would not take a breath, blood or urine test. Officer Van Cleef then completed a notice of revocation form.

Respondent testified that on the way to the station, Officer Van Cleef turned around and asked him if he would submit to a blood alcohol test. Respondent replied: "Yes, do whatever you have to do." Officer Van Cleef responded to this testimony with the following statement:

> "I, the only response I have to it is the fact that Mr. Becksted was highly intoxicated to the point where he was oblivious to what was going on around him and when I advised him that he would lose his driver's license for a period of one year if he did not submit to a test he said well you do what you have to do and that's when he said that."

Review of an administrative agency's decision is limited to the determination of whether there is substantial evidence[2] in support of the decision. State Dep't Mtr. Veh. v. Jenkins, 99 Nev. 460, 663 P.2d 1186 (1983). A court may not substitute its judgment for that of the administrative agency as to the weight of the evidence on questions of fact. *Id.*

The administrative hearing officer determined that respondent failed to submit to an evidentiary test (for drug-alcohol intoxication) after being warned by the police that failure to submit would result in the revocation of his license. The district court reversed the hearing officer, determining that respondent did give his consent to submit to an evidentiary test. The present question is whether the administrative hearing officer's decision was supported by substantial evidence.

---

[1]Respondent was subsequently placed under arrest for possession of an unregistered firearm which was in the vehicle. Additionally, respondent became violent and tried to run when the officers attempted to handcuff him. Respondent was advised of additional charges—resisting arrest.

[2]In State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 729 P.2d 497 (1986), this court defined substantial evidence as that which "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 608, 729 P.2d at 498.

Officer Van Cleef testified that Officer Phillips read respondent the implied consent warning, at which time respondent indicated that he would not take any breath, blood or urine tests. Respondent testified that Officer Van Cleef asked him if he would take a blood alcohol test to which he responded: "Yes, do whatever you have to do." Officer Van Cleef then testified that, upon advising respondent that he would lose his driver's license for a period of one year if he did not submit to a test, respondent replied: "Well, do what you have to do."

The present ambiguity stems from the meaning of respondent's statement: "Well do what you have to do." Such a statement could mean "do the blood test" or it could mean "take away my license."[3] The administrative officer was in the best position to determine what respondent meant by that statement. The administrative officer determined that respondent did not consent to an evidentiary test, and we conclude that his decision was supported by substantial evidence.

Appellant also contends that he was incapable of refusing to take an evidentiary test. Voluntary intoxication, by itself, may not render an individual incapable of refusing to take an evidentiary test. *See* State, Dep't Mtr. Vehicles v. Brown, 104 Nev. 524, 762 P.2d 882 (1988). However, appellant contends that intoxication, combined with a commingling of implied consent warnings and a *Miranda* recitation, can render one incompetent to refuse a drug-alcohol test. *See* Schroeder v. State, Dep't of Motor Vehicles, 105 Nev. 179, 772 P.2d 1278 (1989).

In *Schroeder,* appellant requested an attorney before submitting to a chemical sobriety test. *Id.* at 181, 772 P.2d at 1279. Because the right to counsel does not attach in implied consent situations, this court treated appellant's response as a refusal to take the test. *Id.* The court noted that appellant was read his *Miranda* rights *after* the invocation of counsel. Thus, we concluded that "Schroeder's refusal to take a test was not the result of any commingling of the implied consent law warnings and a recitation of Schroeder's *Miranda* rights." *Id.*

In the present case, respondent was read his *Miranda* rights and his implied consent warning at the same time. Unlike Schroeder, however, respondent did not invoke counsel. We conclude that the holding in *Schroeder* is limited to cases where

---

[3]Even if the statement is construed to mean "do the blood test," respondent's initial refusal to take the test would still control. *See* Schroeder v. State, Dep't of Motor Vehicles, 105 Nev. 179, 772 P.2d 1278 (1989) (initial refusal to take chemical sobriety test is final; accused has no right to "cure" the original refusal).

the defendant refuses to take an evidentiary test based upon his invocation of counsel. Thus, *Schroeder* has no applicability to the present case.

For the foregoing reasons, we reverse the judgment of the district court.