JAMES D. EBARB, APPELLANT, v. STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, RESPONDENT.

No. 22004

December 30, 1991                    822 P.2d 1120

*John G. Watkins,* Las Vegas, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Grenville Thomas Pridham* and *Laurie Foremaster,* Deputy Attorneys General, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant James D. Ebarb was arrested for driving under the influence of alcohol. A record check through dispatch revealed two prior convictions for DUI in the past seven years. The officer did not read appellant the implied consent law. Instead, he informed appellant that appellant was required to submit to a chemical test. Appellant then submitted to a blood test. The blood test revealed appellant's alcohol level to be .327 percent. Based on the results of the blood test, the Department of Motor Vehicles and Public Safety revoked appellant's driver's license. The district court denied appellant's petition for judicial review and affirmed the Department's revocation decision. This appeal followed. Because we conclude that once an arresting officer has determined that a suspect has prior DUI convictions the suspect no longer has a right to refuse a blood test, we affirm the decision of the district court.

### DISCUSSION

Appellant argues that the result of his blood test was improperly admitted at the revocation hearing because the officer did not substantially comply with the provisions of NRS 484.383, as

required under 484.389(2).[1] Specifically at issue is the interpretation of NRS 484.383(8), which provides:

> If a person to be tested fails to submit to a required test as directed by a police officer under this section, none may be given, except that if the officer has reasonable cause to believe that the person to be tested was driving . . . while under the influence of intoxicating liquor . . . and that person:
>
> . . . .
>
> (b) Has been convicted of an offense, as defined in subsection 7 of NRS 484.3792, within the previous 7 years, the officer may direct that reasonable force be used to the extent necessary to obtain a sample of blood from the person to be tested.

Also relevant are NRS 484.383(2), which requires the arresting officer to inform a suspect that if he refuses to submit to a test his license will be revoked, and NRS 484.383(5), which requires the officer to offer the suspect a choice between a breath test and a blood test.

Appellant argues that according to the language of NRS 484.383(8), only after the suspect is warned of the consequences of refusal under NRS 484.383(2), is offered a choice of a blood test or breath test under NRS 484.383(5), and has refused to submit to any test, may the officer then require the suspect to submit to a blood test. Therefore, appellant contends, the officer did not substantially comply with the Nevada implied consent law, the results of the blood test should have been excluded, and the revocation was improper.

Appellant's reading of NRS 484.383(8) is erroneous. Statutes should be construed "with a view to promoting, rather than defeating the legislative policy behind them." State, Dep't of Mtr. Vehicles v. Brown, 104 Nev. 524, 526, 762 P.2d 882, 883 (1988). The clear intent of NRS 484.383(8) is to obtain a blood test if there is reasonable cause to believe a DUI suspect has committed a felony. Further, this court has consistently held that "the implied consent statute should be liberally construed so as to keep drunk drivers off the streets." State, Dep't of Mtr. Vehicles v. Kinkade, 107 Nev. 257, 259, 810 P.2d 1201, 1202 (1991). *See also* Davis v. State, 99 Nev. 25, 27, 656 P.2d 855, 856 (1983). It would frustrate the purpose of the statute to require an officer to inform a suspect of the consequences of refusing a test when the

---

[1]NRS 484.389(2) provides:

> [A] court or hearing officer may not exclude evidence of a required test . . . if the police officer . . . substantially complied with the provisions of NRS 484.383 to 484.393, inclusive.

suspect may not refuse a test, or to offer the suspect a choice between a blood test and a breath test when the suspect has no choice.

The officer was justified in requiring appellant to take a blood test without first giving him the option of refusing, or offering him an election between a blood test and a breath test, because appellant's prior convictions made a blood test inevitable under 484.383(8). Because the officer advised appellant that he was required to take a blood test, as required by NRS 484.383(8), we conclude that the officer did comply with the provisions of NRS 484.383 and thus the blood test result was admissible and the revocation proper.

Appellant's other claims being without merit, we affirm the decision of the district court.