A92A0826. DEPARTMENT OF PUBLIC SAFETY et al. v. SEAY.
(424 SE2d 301)

JOHNSON, Judge.

Luther R. Seay, Jr., was stopped by a police officer for various traffic violations. After Seay admitted that he had been drinking intoxicants, the officer advised Seay of his implied consent rights and

asked him if he would consent to take a state-administered intoximeter test. Seay refused to take the test. The officer then transported Seay to a detention center, arriving at 12:30 a.m. Twenty minutes later, Seay asked a deputy if it would be possible for him to take the requested state-administered intoximeter test. The deputy responded that he would "get back with him." Approximately 30 minutes later, Seay again asked a booking officer if he could take the test. The officer told Seay that he would "get back with him." Upon his release from custody, Seay again requested to take the test, but the deputies told him that it was too late, and no test was ever administered.

An implied consent hearing was held by the Department of Public Safety. Pursuant to Georgia's "Implied Consent Statute," OCGA § 40-5-55, Seay's driver's license was suspended for his refusal to take the state-administered intoximeter test. Seay was granted an agency review of this decision, and the suspension of his driver's license was upheld.

Seay appealed the agency decision to the superior court. The court reversed and set aside the agency decision based upon a finding that both the hearing officer and the agency had erred as a matter of law in concluding that the facts found were not sufficient to prove that Seay had *rescinded* his refusal to submit to the implied consent test. The department filed an application for discretionary review appealing from the superior court's judgment setting aside the agency decision. We granted the department's application for discretionary review to address the issue of whether an individual may rescind his or her refusal to submit to an intoximeter test.

1. In its first enumeration of error, the department contends that the superior court erred in finding that Seay rescinded his refusal to submit to an implied consent test. We disagree.

In *State v. Highsmith*, 190 Ga. App. 838 (380 SE2d 272) (1989), this court rejected the argument that once a suspect indicates to an officer that he refuses to submit to a blood-alcohol test, the matter is closed. "Such a rigid rule," we said, "would not be consistent with the approach our courts have followed in applying the statute. . . ." Id. at 839. It is therefore clear that Georgia law recognizes the possibility that an individual may rescind his or her refusal to submit to an intoximeter test.

To date, there have been no decisions in Georgia which enumerate the factors to be used by the courts or responsible agencies in determining whether a refusal to submit to a state-administered chemical test has been properly rescinded. However, other states have established such guidelines. The factors consistently used by many foreign courts to make a determination whether a refusal has been properly rescinded were clearly expressed by the Supreme Court of Kansas in *Standish v. Dept. of Revenue, Motor Vehicle Div.*, 235

Kan. 900 (683 P2d 1276, 1280) (1984).

In *Standish*, the court declared that in order to be effective, a subsequent consent after a refusal to take a chemical test must be made: "(1) within a very short and reasonable time after the prior first refusal; (2) when a test administered upon the subsequent consent would still be accurate; (3) when testing equipment is still readily available; (4) when honoring the request would result in no substantial inconvenience or expense to the police; and (5) when the individual requesting the test has been in the custody of the arresting officer and under observation for the whole time since arrest." Id. at 1280. This court adopts these guidelines as its own. We hold that an initial refusal may be properly rescinded if such rescission is made in accordance with the foregoing guidelines.

In the case sub judice, testimony from an expert witness indicated that the delay in administering a test to Seay, from the time it would have been conducted had there not been a refusal to the time of his attempted rescission, would not have materially affected the results. Evidence in the record also revealed that Seay would not have been administered an intoximeter test until his arrival at the detention center because his arresting officer was not a certified intoximeter operator. Furthermore, while Seay was in custody, both intoximeter equipment and certified intoximeter operators were present and available.

After applying the guidelines set forth above to the instant case, we conclude that the superior court properly ruled that the agency and the hearing officer erred as a matter of law in concluding that a proper rescission had not occurred given the facts that they found.

2. The department further contends that the court erred in setting aside the agency decision because there was sufficient evidence in the record to support the agency decision to suspend Seay's driver's license. The agency's decision to suspend Seay's license was based on its conclusion that he had not rescinded his refusal to take the intoximeter test. This enumeration is without merit.

The superior court is not authorized to substitute its judgment for that of an administrative agency as to the weight of the evidence on questions of fact. OCGA § 50-13-19 (h). However, the court is authorized to reverse an administrative agency's decision if the court finds that the decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." OCGA § 50-13-19 (h) (5). In the instant case, the superior court made such a finding, concluding that Seay's inquiries into the possibility of taking the intoximeter test constituted a rescission of his refusal to take the test *as a matter of law*. We find no error in the superior court's decision. Accordingly, its judgment shall not be disturbed.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Melissa J. Lunsford, Staff Attorney,* for appellants.

*Awtrey & Parker, J. Lynn Rainey,* for appellee.