STATE OF NEVADA, DEPARTMENT OF MOTOR VEHICLES AND PUBLIC SAFETY, APPELLANT, v. CHARNA DUNN, RESPONDENT.

No. 22537

June 22, 1993                                      854 P.2d 858

*Frankie Sue Del Papa,* Attorney General, *Laurie Foremaster,* Deputy Attorney General, Carson City, for Appellant.

*Charna Dunn,* In Proper Person, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court reversing a Department of Motor Vehicles hearing officer's decision to revoke respondent's driving privileges.

Sergeant Peppley of the Nevada Highway Patrol stopped respondent Charna Dunn after she turned her vehicle onto the paved shoulder of U.S. 95, weaved across the right lane partially into the left lane, and then back across the right lane onto the paved shoulder. Dunn had watery and bloodshot eyes, impaired balance, and an odor of alcoholic beverage on or about her person. Dunn failed a series of field sobriety tests and Peppley arrested her for driving under the influence in violation of NRS 484.379. Peppley advised Dunn of her rights and the consequences if she failed to submit to an evidentiary test. Dunn refused to submit, and Peppley issued an order revoking her license. *See* NRS 484.385. The DMV held an administrative hearing and the hearing officer upheld the one year revocation of Dunn's license.

Dunn petitioned the district court for review. She contended that Sergeant Peppley misled her into believing that he had already revoked her license before he informed her that her failure to submit to an evidentiary test would result in revocation of her license. Specifically, Dunn contended that she was confused and that because she thought that Peppley had already revoked her license, she concluded that there was no reason for her to take an evidentiary test.[1] Dunn argued that Peppley was not

---

[1]Dunn also contended that she did not understand that she would receive a longer revocation for failing to submit to a test than for submitting to a test

only holding her driver's license, but that he told her that he had already revoked her license. The district court reversed the hearing officer's decision and reinstated Dunn's driving privileges. The district court found that: (1) a person's driver's license cannot be revoked for failing to submit to an evidentiary test if the person is confused in their understanding of the implied consent law; and (2) there was not substantial evidence in the record to support the hearing officer's decision that Dunn was not confused. This appeal followed.

Assuming, without deciding, that a police officer's misleading or confusing explanation of the implied consent law may excuse a person's refusal to submit to an evidentiary test for the purpose of license revocation, we nevertheless conclude that the district court erred in reversing the hearing officer's decision.

Neither this court nor the district court may substitute its judgment for that of the administrative agency as to the weight of the evidence on questions of fact, and review is limited to the determination that the administrative agency's decision is supported by substantial evidence. State Dep't Mtr. Veh. v. Jenkins, 99 Nev. 460, 663 P.2d 1186 (1983). The DMV contends that substantial evidence supports the hearing officer's decision that Dunn understood her responsibilities and the consequences of her actions under the implied consent law. We agree. Sergeant Peppley read Dunn the implied consent law from a form prepared for that purpose, and Peppley complied with NRS 484.383(2) by informing Dunn that her license would be revoked if she did not submit to an evidentiary test. Further, Peppley testified that he believed Dunn understood the warning.

Accordingly, we reverse the decision of the district court, and remand this case to the district court with instructions to enter an order affirming the hearing officer's order of revocation.[2]

---

which demonstrated a blood alcohol level of 0.10% or more. See NRS 484.384. No statute, however, requires a police officer to explain the possible durations of a license revocation. A police officer is only required to inform the person to be tested "that [her] failure to submit to the test will result in the revocation of [her] privilege to drive a vehicle." NRS 484.383(2).

[2]Dunn also contended that the evidence of her refusal to submit to an evidentiary test had to be excluded because Peppley placed Dunn's order of revocation in her property bag in violation of NRS 484.385(1). The district court properly did not rely on this ground in reversing Dunn's license revocation because Dunn could not demonstrate prejudice to her substantial rights. See State, Dep't of Mtr. Vehicles v. Pida, 106 Nev. 897, 803 P.2d 227 (1990).