# IN THE SUPREME COURT OF THE STATE OF NEVADA

STATE OF NEVADA, DEPARTMENT
OF MOTOR VEHICLES,
Appellant,
vs.
KENNETH WILLIAMS,
Respondent.

No. 73113

**FILED**

JUL 30 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting a petition for judicial review in a driver's license revocation matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A trooper with Nevada Highway Patrol stopped respondent Kenneth Williams for speeding and driving erratically on the freeway. After noting bloodshot eyes, slurred speech, and the odor of alcohol, the trooper applied three field sobriety tests, and ultimately handcuffed Williams and placed him in the back of the patrol car for suspected driving under the influence (DUI). The trooper then asked Williams if he would submit to a blood draw and informed Williams that if he refused his license would be revoked. Williams refused and the trooper transported him to the Clark County Detention Center. The trooper then obtained a telephonic warrant for a blood draw. As the trooper approached Williams with the warrant, Williams asked what would happen if he did not comply with the warrant. The trooper responded that he would use the minimal amount of force necessary to ensure compliance. Williams then submitted to the blood draw, which revealed a 0.097 blood alcohol level.

Appellant, the Nevada Department of Motor Vehicles (DMV), revoked Williams' license for ninety days for DUI, and for an additional one

SUPREME COURT
OF
NEVADA

(O) 1947A

18-29222

year because the trooper had to obtain a warrant prior to the blood draw.[1] Williams then requested a hearing before an administrative law judge (ALJ), who upheld the revocation. Williams proceeded to file a petition for judicial review wherein he contested the additional one year revocation of his license because (1) the trooper did not inform Williams that his license would be revoked for one year, and (2) Williams ultimately consented to the blood draw and thus should not face punishment for the trooper obtaining a warrant. However, prior to the district court ruling on Williams' petition for judicial review, the DMV filed a motion to dismiss under NRCP 12(b)(4) for insufficient service of process. The DMV argued that Williams failed to properly serve the Attorney General's office and the administrative head of the DMV as required by NRS 233B.130. Realizing his error, Williams filed a motion for enlargement of time to serve the appropriate entities. The district court conducted a hearing and ultimately granted Williams an additional thirty days to carry out service.

The district court also granted Williams' petition for judicial review and concluded that an officer "is required to advise that if a driver invoked his constitutional right to have a Justice of the Peace determine probable cause for the DUI blood draw the driver would face an additional one (1) years suspension . . . ." Additionally, while the district court does

---

[1]NRS 484C.210(1)(a) states

1. If a person fails to submit to an evidentiary test as requested by a police officer pursuant to NRS 484C.160, the license, permit or privilege to drive of the person must be revoked as provided in NRS 484C.220, and the person is not eligible for a license, permit or privilege to drive for a period of:

(a) One year . . . .

not appear to have based its holding on this erroneous conclusion, the district court appears to have determined that our rulings in *Schroeder v. State, Dep't of Motor Vehicles & Pub. Safety*, 105 Nev. 179, 772 P.2d 1278 (1989), and *State, Dep't of Motor Vehicles & Pub. Safety v. Root*, 113 Nev. 942, 944 P.2d 784 (1997), may no longer be applicable under *Missouri v. McNeely*, 569 U.S. 141 (2013) and *Byars v. State*, 130 Nev. 848, 336 P.3d 939 (2014). *Schroeder* and *Root* held that a later consent cannot cure an initial refusal to take a blood draw.

## DISCUSSION

The DMV appeals, arguing that (1) Williams never properly served it or the Attorney General; (2) the trooper gave all statutorily required warnings; and (3) a later consent cannot cure an initial refusal to take a blood draw.

*Williams' failure to file a response brief is a confession of his failure to properly serve*

The DMV argues that even after the district court granted Williams' motion for enlargement of time to serve, Williams never properly served it or the Attorney General. NRS 233B.130(2)(c) provides,

2. Petitions for judicial review must:

. . .

(c) Be served upon:

(1) The Attorney General, or a person designated by the Attorney General, at the Office of the Attorney General in Carson City; and

(2) The person serving in the office of administrative head of the named agency . . . .

It is undisputed that Williams originally failed to serve the Attorney General's office or the administrative head of the DMV as required by NRS 233B.130 and NRCP 4(d)(6). Instead, Williams served the District

Attorney's office and the office of the DMV. This prompted the DMV to file its motion to dismiss and Williams to file a countermotion for enlargement of time to serve the appropriate entities. The DMV now asserts that, after the district court granted Williams' motion for enlargement of time to serve, Williams still failed to properly serve the required parties.

There is no evidence in the record to support or refute the DMV's position that it was never properly served, and because Williams did not file a response brief, he has failed to clarify whether he served the head of the DMV or the Attorney General. Pursuant to NRAP 31(d)(2), a respondents' failure to file a response brief may be interpreted as a "confession of error." *Polk v. State,* 126 Nev. 180, 184, 233 P.3d 357, 359-60 (2010). We consider Williams' failure to file a response brief a confession of his failure to properly serve the appropriate parties, and thus, conclude that reversal is appropriate.

*The trooper gave all statutorily required warnings*

The district court ruled that the trooper was required to inform Williams that his license would be revoked for one year if he refused to submit to an evidentiary blood test. On appeal, the DMV argues this was error because NRS 484C.160(2) does not require that an officer explain possible durations for license revocation resulting from a refusal to submit to an evidentiary test. We review questions of statutory construction de novo. *State, Dep't of Motor Vehicles & Pub. Safety v. Lovett,* 110 Nev. 473, 476, 874 P.2d 1247, 1249 (1994).

NRS 484C.160, Nevada's implied consent statute, states,

> 1. Except as otherwise provided in subsections 4 and 5, any person who drives or is in actual physical control of a vehicle on a highway or on premises to which the public has access shall be deemed to have given his or her consent to an evidentiary test of his

or her blood . . . to determine the concentration of alcohol in his or her blood . . . .

. . .

2. A police officer who requests that a person submit to a test pursuant to subsection 1 shall inform the person that his or her license, permit or privilege to drive will be revoked if he or she fails to submit to the test.

NRS 484C.160(1)-(2). When a statute is clear on its face, we do not look beyond the plain language of the statute. *J.E. Dunn Nw., Inc. v. Corus Constr. Venture, LLC,* 127 Nev. 72, 79, 249 P.3d 501, 505 (2011). NRS 484C.160 is unambiguous in that at no point does it require that an officer notify the person to be tested of the length of a potential revocation. NRS 484C.160; *see State, Dep't of Motor Vehicles & Pub. Safety v. Dunn,* 109 Nev. 572, 573-74, 854 P.2d 858, 859 (1993) (holding an officer met his obligations under Nevada's implied consent statute by reading the motorist the implied consent form and informing motorist her license would be revoked if she did not submit). The trooper did as required under NRS 484C.160(2) and advised Williams his license would be revoked if he refused to consent to the blood draw. Accordingly, we hold that the district court erred by concluding that the trooper was required to inform Williams of the amount of time his license would be revoked, and it thereby erred by reversing the ALJ decision.

*A motorist cannot cure an initial refusal to submit to an evidentiary test by later consenting*

The ALJ upheld the DMV's revocation of Williams' license under *Schroeder,* which held that an initial refusal to take an evidentiary test is final and a suspect cannot "cure" this refusal by subsequently consenting to the test. 105 Nev. at 182-83, 772 P.2d at 1280. This holding has never been overruled and was later affirmed in *Root,* 113 Nev. at 948,

SUPREME COURT
OF
NEVADA

(O) 1947A

5

944 P.2d at 787. However, in reversing the ALJ, the district court appears to have concluded that *Schroeder* and *Root* may no longer be good law under *Missouri v. McNeely*, 569 U.S. 141 (2013), and *Byars v. State*, 130 Nev. 848, 336 P.3d 939 (2014). It is unclear whether the district court based its holding on this erroneous conclusion, and thus, we take this opportunity to clarify the law.

*Byars* addressed a section of Nevada's implied consent statute in light of *Missouri v. McNeely* and found that NRS 484C.160(7) was unconstitutional because it permitted officers to use force to obtain a blood sample from a person "without a warrant, valid consent, or another exception to the warrant requirement." 130 Nev. at 852, 336 P.3d at 942. Neither *McNeely* nor *Byars* state that a motorist cannot be sanctioned for refusing to submit to an evidentiary test. While *Byars* indicates that an individual must be able to withdraw consent if desired, it does not mandate that an individual must be able to cure a refusal or may not suffer consequences from a refusal. *Id.* at 857-58, 336 P.3d at 945-46. Instead, *Byars* merely requires an officer to obtain a warrant, consent, or another exception to the warrant requirement prior to the test being administered. *Id.* at 852, 336 P.3d at 942. *Schroeder* and *Root* remain good law, and we conclude the district court erred insofar as it based its holding on an incorrect interpretation of these cases. Thus, we hold that there is no basis

Supreme Court
OF
Nevada

(O) 1947A

for invalidating the one year revocation of Williams' license.[2]

Accordingly, we

ORDER the judgment of the district court REVERSED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Gloria Sturman, District Judge
       Attorney General/Las Vegas
       Kenneth Williams
       Eighth District Court Clerk

_____

[2]In light of this holding, we decline to consider the DMV's remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A